IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH BOUAS,

        **Plaintiff,**

v.

HARLEY-DAVIDSON MOTOR
COMPANY GROUP, LLC,

        **Defendant.**

Case No. 3:19-cv-1367-NJR

## ORDER STAYING CASE

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion to Stay filed by Defendant Harley-Davidson Motor Company Group, LLC ("Harley-Davidson") (Doc. 17). This case is one of three duplicative class actions filed against Harley-Davidson currently pending in federal courts in California, Arizona, and Illinois. Harley-Davidson asks the Court to stay all proceedings and deadlines in this action pending resolution of a previously filed, substantially-related class action currently pending in the Northern District of California, i.e., *Garcia v. Harley-Davidson Motor Co.*, No. 3:19-cv-02054. According to Harley-Davidson, discovery in *Garcia* is well underway, with expert discovery relating to class certification set to begin in June and Garcia's motion for class certification due in October. Bouas has not filed a response and thus the motion is unopposed.

"The first-to-file rule provides that a district court may, for purposes of judicial administration, dismiss or stay a suit 'when it is duplicative of a parallel action that is already pending in another federal court.'" *Guill v. All. Res. Partners, L.P.*, No. 16-CV-

0424-NJR-DGW, 2017 U.S. Dist. LEXIS 44578, at *4 (S.D. Ill. Mar. 27, 2017). While the Seventh Circuit Court of Appeals "does not rigidly adhere to the first-to-file rule," the decision to invoke the rule is part of the district court's "inherent power to administer their dockets so as to conserve scarce judicial resources" by avoiding duplicative litigation. *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995); *see also Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 980 (7th Cir. 2010). The Seventh Circuit has further stated that staying a case, rather than dismissing it, may be appropriate pending the outcome of an earlier-filed lawsuit addressing the same issues. *Wallis v. Fifth Third Bank*, 443 F. App'x 202, 205 (7th Cir. 2011).

Having considered Defendant's motion, and in light of Plaintiffs' lack of opposition, the Motion to Stay (Doc. 17) is **GRANTED**. All proceedings and deadlines in this case are stayed pending resolution of *Garcia*.

IT IS SO ORDERED.

DATED:   April 17, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**