IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH BOUAS,

           **Plaintiff,**

v.

HARLEY-DAVIDSON MOTOR
COMPANY GROUP, LLC,

           **Defendant.**

Case No. 3:19-cv-1367-NJR

## ORDER STAYING CASE

**ROSENSTENGEL, Chief Judge:**

      This matter is before the Court on the Motion to Stay filed by Defendant Harley-Davidson Motor Company Group, LLC ("Harley-Davidson") (Doc. 17). This case is one of three duplicative class actions filed against Harley-Davidson currently pending in federal courts in California, Arizona, and Illinois. Harley-Davidson asks the Court to stay all proceedings and deadlines in this action pending resolution of a previously filed, substantially-related class action currently pending in the Northern District of California, i.e., *Garcia v. Harley-Davidson Motor Co.*, No. 3:19-cv-02054. According to Harley-Davidson, discovery in *Garcia* is well underway, with expert discovery relating to class certification set to begin in June and Garcia's motion for class certification due in October. Plaintiff Kenneth Bouas ("Bouas") opposes the motion, arguing that the amended complaint in *Garcia* excludes plaintiffs in Illinois.

### LEGAL STANDARD

      "The first-to-file rule provides that a district court may, for purposes of judicial administration, dismiss or stay a suit 'when it is duplicative of a parallel action that is already pending in another federal court.'" *Guill v. All. Res. Partners, L.P.*, No. 16-CV-0424-NJR-DGW, 2017 U.S. Dist. LEXIS 44578, at *4 (S.D. Ill. Mar. 27, 2017). While the Seventh Circuit Court of

Appeals "does not rigidly adhere to the first-to-file rule," the decision to invoke the rule is part of the district courts' "inherent power to administer their dockets so as to conserve scarce judicial resources" by avoiding duplicative litigation. *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995); *see also Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 980 (7th Cir. 2010). The Seventh Circuit has further stated that staying a case, rather than dismissing it, may be appropriate pending the outcome of an earlier-filed lawsuit addressing the same issues. *Wallis v. Fifth Third Bank*, 443 F. App'x 202, 205 (7th Cir. 2011).

A suit may be deemed duplicative for purposes of the first-to-file rule if "the claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1995). Where the first-to-file rule does apply, a Court may consider whether a stay would "(1) unduly prejudice or tactically disadvantage the non-moving plaintiffs; (2) simplify the issues in question and streamline the trial; and (3) reduce the burden of litigation on the parties and on the court." *Nicholson v. Nationstar Mortg. LLC of Delaware*, 2018 U.S. Dist. LEXIS 113011 at *29 (N.D. Ill.) (citing *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009)).

## ANALYSIS

Bouas concedes that the *Garcia* case was filed first and involves the exact same allegations against the same defendant as this action. In *Garcia*, however, the second amended complaint filed on April 27, 2020, excludes Illinois plaintiffs from the proposed class, as well as plaintiffs in certain other states. This change to the proposed classes in *Garcia* makes this action non-duplicative and prevents application of the first-to-file rule, Bouas argues. Harley Davidson notes that the plaintiff's attorneys in *Garcia* include lawyers from Price Armstrong, LLC, of Birmingham, Alabama, the same firm that represents Bouas, and Harley Davidson argues that

the amended complaint indicates an attempt to circumvent the first-to-file rule and allow forum-shopping for the most favorable venue.

The Court is also inclined to suspect that the changes to the complaint in *Garcia* are motivated by a desire to permit multiple suits in multiple venues to proceed, circumventing the first-to-file rule through the appearance of disparate parties. Regardless, this action and *Garcia* are still fairly duplicitous – while they may no longer include the exact same parties, the plaintiffs in *Garcia* are identical to the plaintiffs here in all but geographic location, and they present identical allegations against identical defendants. Waiting and allowing *Garcia* to proceed will significantly narrow the issues that must be decided in this case and will save significant time and effort in discovery.

Accordingly, having considered Bouas's opposition, the Motion to Stay (Doc. 17) is **GRANTED**. All proceedings and deadlines in this case are stayed pending resolution of *Garcia*.

**IT IS SO ORDERED.**

DATED:   May 11, 2020

                                                                                        *Nancy J. Rosenstengel*
                                                                                        _____
                                                                                        **NANCY J. ROSENSTENGEL**
                                                                                        **Chief U.S. District Judge**